**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ATLANTA INDEPENDENT SCHOOL SYSTEM, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION NO. 1:09-CV-2166-RWS |
| S.F. a minor, by and through his parents and next friends, M.F. and C.F., | : : : : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff's First Motion to Amend Complaint and Add Defendant Parents, M.F. and C.F. in Their Individual Capacities [10] ("Motion to Amend"), Defendants' Motion to Strike Plaintiff's First Motion to Amend [12] ("Motion to Strike"), and Defendants' First Motion for Judgment on the Pleadings [38]. After reviewing the record, the Court enters the following order.

## **Background**

The underlying action arises from allegations that Atlanta Indepedent School System ("AISS") denied S.F. a free and appropriate public education

("FAPE") and violated the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491. (Complaint, Dkt. No. [1] at ¶ 3). An administrative hearing was held in the Georgia Office of State Administrative Hearings ("OSAH") from March 9-13, 2009. (Id. at ¶¶ 7, 15). On May 11, 2009, the Administrative Law Judge ("ALJ") issued a final order ("Final Order"), finding, among other things, that AISS failed to provide FAPE to S.F., that his school placement by AISS was not appropriate, and that S.F. will not receive an appropriate education from AISS going forward. (Id. at ¶ 8; see Final Order, Complaint Ex. A, Dkt. No. [1-2]). Based upon these findings, the ALJ orderd that:

> S.F. shall receive one year of compensatory education to be provided at the end of the Plaintiffs [*sic*] educational entitlement and further, that Plaintiffs shall be reimburse[d] by AISS for privately provided services and private assessments in the amounts stipulated at trial for the two (2) years prior to the filing of their Complaint through the 2008-2009 school year, including, but not limited to direct services, related services, and transportation or travel services.

(Final Order at 26). The ALJ also ordered that "S.F.'s prospective placement for the remainder of his educational entitlement shall be in a private school at

2

the Summit Learning Center," and that AISS shall pay for the placement as well as supplementary educational services for S.F. (Id.).

Plaintiff has filed the current action to appeal the ruling of the ALJ. Plaintiff's Complaint was filed on August 10, 2009 and names M.F. and C.F., S.F.'s parents, in their representative capacities as S.F.'s next friends. (Complaint at 1). Defendants filed an Answer [5] and Counterclaim against AISS [6], as well as a Third Party Complaint [7] on October 16, 2009. The Counterclaim against AISS was filed by S.F., as well as M.F. and C.F. in their individual capacities. (Counterclaim, Dkt. No. [6-1] at ¶ 165). On November 24, 2009, AISS sought leave of the Court to amend its original Complaint to add M.F. and C.F. in their individual capacities. (Motion to Amend, Dkt. No. [10]). On December 11, 2009, Defendants filed a Motion to Strike Plaintiff's Motion to Amend [12] and on February 1, 2010, M.F. and C.F. filed a Motion for Judgment on the Pleadings [38] as to the claims against them. At the heart of all of these motions is the question of whether Plaintiff can amend its Complaint to add M.F. and C.F. in their individual capacities. The Court now takes up that question.

## Discussion

**I.  Plaintiff's Motion to Amend** [10]

3

AO 72A
(Rev.8/82)

### A. Statutory Framework

The purpose of IDEA is to ensure that all children have access to an educational setting that provides special education and services designed to meet their unique needs. 20 U.S.C. § 1400(d)(1)(A). IDEA requires schools to identify children with disabilities and develop for each disabled child an annual individualized education program ("IEP"). 20 U.S.C. § 1414(d). If the parents of a disabled child are not satisfied with the proposed IEP, IDEA affords them an impartial due process hearing at which the suitability of the IEP is evaluated. 20 U.S.C. § 1415(f). A due process hearing was conducted by OSAH and a Final Order was entered in favor of S.F. and his parents. (Complaint at ¶¶ 7, 8).

IDEA allows any party aggrieved by the result of a state administrative proceeding to bring a civil action in district court. 20 U.S.C. § 1415(i)(2). AISS, a party aggrieved by the ALJ's Final Order, filed this action to appeal the ALJ's findings. This Court's review of the ALJ's Final Order is quasi-appellate in nature. See Cory D. *ex rel.* Diane D. v. Burke Co. Sch. Dist., 285 F.3d 1294, 1297 (11th Cir. 2002) ("[T]he reviewing court acts in a quasi-appellate manner, scrutinizing the underlying proceedings for procedural regularity and substantive validity."). The ALJ's decision "is entitled to due weight and [this Court] must be careful not to substitute its judgment for that of the state

4

educational authorities." Walker Co. Sch. Dist. v. Bennett, 203 F.3d 1293, 1297 (11th Cir. 2000). However, "the extent of the deference to be given to the administrative decision is left to the sound discretion of the district court which must consider the administrative findings but is free to accept or reject them." Id. at 1297-98.

### B. Timeliness of Plaintiff's Appeal

While IDEA permits AISS to appeal the ALJ's decision, it must do so within 90 days from the date of the decision. 20 USC § 1415(i)(2)(B). The ALJ's Final Order was issued on May 11, 2009. (Complaint at ¶ 8). Plaintiff's Complaint filed on August 10, 2009 was timely. However, Plaintiff failed to name M.F. and C.F. in their individual capacities in the Complaint. Plaintiff continues to maintain that the ALJ awarded relief to SF in his individual capacity and did not award relief to any other parties, but nonetheless seeks leave of this Court to amend its Complaint if its understanding of the Final Order is incorrect. (Motion to Amend, Dkt. No. [10] at 4, 7; Plaintiff's Reply to Motion to Amend, Dkt. No. [24] at 2, 3).

Plaintiff is mistaken in its interpretation of the ALJ's Final Order. M.F. and C.F. were parties in the administrative proceeding, both in their representative capacities as next friends of S.F. and also in their individual

5

capacities. AISS asserts that it patterned its Complaint based upon how the parties were named in the ALJ proceedings. (Motion to Amend at 5). However, the caption is not dispositive on the question of the actual parties. See Marsh v. Butler Co., Ala., 268 F.3d 1014, 1023 n.4 (11th Cir. 2001) (stating that the caption of the complaint is not part of the statement of the claim and is primarily for the court's administrative convenience). The ALJ in the Final Order notes that while the action was originally styled in the name of S.F., the complaint below refers to "Plaintiffs" indicating that M.F. and C.F. were also party plaintiffs.[1] (Final Order at 1 n.1). Further, in the award of relief the ALJ distinguishes between relief directed towards S.F.–a year of compensatory education at the end of his educational entitlement–and relief directed towards Plaintiffs collectively–reimbursement for educational services privately provided to S.F. (Id. at 26).

Unless Plaintiff's amendment, filed more than 90 days after the Final Order, is allowed to relate back to the date of the original filing, it is untimely. Therefore, the critical question is whether Plaintiff should be allowed to amend

---

[1] The Supreme Court has held that "IDEA grants parents independent, enforceable rights. These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child." Winkelman *ex. rel.* Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 533, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007).

6

its complaint and have the amendment relate back to the date of the original filing.

      C.    <u>Sufficiency of Plaintiff's Motion to Amend</u>

As an initial matter, Defendants argue that Plaintiff's Motion to Amend [10] fails to comply with the local rules of this Court, and therefore is defective and should not be considered. Local Rule 7.1(A)(1) requires that: "Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law." Plaintiff failed to file either a memorandum of law or affidavits with its Motion to Amend [10]. While this shortcoming on Plaintiff's behalf is regrettable, it is not fatal. Local Rule 7.1(F) gives the Court discretion to decline to consider any motion that does not conform to the requirements of Local Rule 7.1, but it does not mandate such a result. Plaintiff's Motion to Amend [10] did cite Fed. R. Civ. P. 15, relevant pleadings, and the ALJ's Final Order. To mitigate the prejudice to Defendants of responding to a motion unsupported by a memorandum of law, the Court allowed Defendants to file a Sur-Reply Brief [30] responding to Plaintiff's Reply Brief to it's Motion to Amend [24]. (Order of Jan. 15, 2010, Dkt. No. [29]). While not satisfying the requirements of Local

7

Rule 7.1(A)(1), the Court prefers to address Plaintiff's motion on the merits, and therefore will consider it.

Defendants also challenge Plaintiff's Motion to Amend [10] for impermissibly using confidential information. The ALJ's Final Order originally filed with Plaintiff's Motion to Amend as Exhibit A, included a transmittal sheet which disclosed the names and addresses of M.F. and C.F., in violation of the confidentiality requirements of IDEA and other federal statutes. See e.g., 20 U.S.C. § 1415(b)(7)(A); 20 U.S.C. § 1232g. This disclosure by Plaintiff appears to be careless, but unintentional. Once Plaintiff discovered its mistake, it filed a Motion to Seal and Substitute Exhibit A [16] with a version that does not include the transmittal sheet. The Court will not decline to consider Plaintiff's Motion to Amend [10] for its inadvertent disclosure of confidential information.

### D.  Amendment and Relation Back

Other than amendments allowed as a matter of course by Fed. R. Civ. P. 15(a)(1), a party must either seek the written consent of the opposing party or leave of the court to amend its pleading. Fed. R. Civ. P. 15(a)(2). Rule 15 directs the Court to "freely give leave when justice so requires." Id. In this case, Plaintiff not only seeks leave to amend its Complaint, but also for the

8

amendment to relate back to the date of the original pleading. Since Plaintiff's amendment seeks to alter the parties to the action, in order to relate back it must first assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B) (incorporated by Rule 15(c)(1)(C)). Second, the party to be brought in by amendment must have received such notice of the action within the period provided by Fed. R. Civ. P. 4(m) for serving the summons and complaint, that it will not be prejudiced in defending on the merits. Fed. R. Civ. P. 15(c)(1)(C)(i). Finally, also within the period provided by Rule 4(m), the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

The only change Plaintiff seeks to make to the Complaint is the addition of M.F. and C.F. in their individual capacities. (Plaintiff's Reply to Motion to Amend, Dkt. No. [24] at 10). The amended complaint Plaintiff seeks to file alleges the exact same conduct as the original Complaint, so Plaintiff has satisfied the first requirement. The second requirement is that M.F. and C.F. receive such notice of the action that they will not be prejudiced in defending against it on the merits. M.F. and C.F. were named in the Complaint in their

9

representative capacities as next friends of their son S.F., and thus had adequate notice of the suit. The final requirement of Rule 15 to amend a pleading to alter the parties to the action and have the amendment relate back, is that the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The satisfaction of this requirement presents the main area of contention between the parties.

The Eleventh Circuit has read the word "mistake" in Rule 15(c) liberally. Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1258 n.9 (11th Cir. 1983). However, the Eleventh Circuit has also noted that while the word "mistake" is read liberally, it is not read "to mean 'lack of knowledge.' For these purposes, ignorance does not equate to misnomer or misidentification." Wayne v. Jarvis, 197 F.3d 1098, 1103 (11thCir. 1999), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003) (citation omitted).[2] The Court must

---

[2] In Wayne, the Court did not allow the plaintiff to amend the complaint to replace "John Doe" deputy sheriffs with specifically-named defendants. 197 F.3d at 1102. In reaching this decision the Court stated that the result was not contrary to its decision in Itel Capital Corp., 707 F.2d 1253, noting that case "did not involve 'John Doe' defendants or lack of knowledge on the plaintiff's part as to the identity of the defendant it wished to sue." Wayne, 197 F.3d at 1104 n.6.

10

determine whether Plaintiff's failure to add M.F. and C.F. in their individual capacities is the type of mistake contemplated by Rule 15(c).

In making this determination, the Court is cognizant of the unique quasi-appellate nature of this action. Most civil actions for relief filed in district court represent the initial legal proceedings between parties attempting to resolve a dispute. This is not the case with an appeal of an ALJ's Final Order. In this action, the parties, including M.F. and C.F. in their individual capacities, are all familiar with the underlying claim and have already been through a thorough dispute resolution process resulting in a Final Order awarding relief to S.F., M.F., and C.F. Therefore, it is more likely in a proceeding of this nature that parties such as M.F. and C.F. knew or should have known that but for Plaintiff's mistake, they would have been named as parties in an action by Plaintiff appealing the outcome of the administrative proceeding.

The Eleventh Circuit has noted that the "critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." Davenport v. United States, 217 F.3d 1341, 1345 n.8 (11th Cir. 2000). Plaintiff's Complaint states "[t]he ALJ incorrectly awarded *M.F. and C.F.* [relief]." (Complaint at ¶ 75(emphasis added)). Further, Plaintiff in the Complaint asks this Court to issue an order holding that

11

"AISS has no obligation to reimburse *Defendants* for past privately provided services" and "Defendants *C.F. and M.F.* are required to reimburse AISS for AISS's payments for S.F.'s private services since the date of the ALJ's Final Order." (Complaint at ¶¶ 164(e), 164(i) (emphasis added)). Based on the foregoing sections of the Complaint, among others, as well as the procedural posture of this action, the Court finds that M.F. and C.F.: (1) "knew or *should have known* that the action would have been brought against [them], but for a mistake concerning the proper party's identity;" and (2) that the Defendants will not be prejudiced in defending the action on the merits. Fed. R. Civ. P. 15(c)(1)(C)(ii). Therefore, Plaintiff's Motion to Amend [10] is **GRANTED**.

Defendants argue that Plaintiff should not be allowed to amend its complaint because IDEA argues for strict time frames to protect the rights of parents and children and Plaintiff's Motion to Amend falls outside of the 90 day window to file an appeal. (Defendants' Sur-Reply to Plaintiff's Motion to Amend, Dkt. No. [30] at 9). Defendant cites Cory D., 285 F.3d 1294 and Ga. DOE v. Derrick C., 314 F.3d 545 (11th Cir. 2002), which both recognize that a short limitations period is consistent with the objectives of IDEA. Both cases affirmed decisions of the district court to dismiss an appeal filed outside of the limitations period. Cory D., 285 F.3d at 1301; Derrick C., 314 F.3d at 552.

12

However, both cases are distinguishable from the present action. In neither case did the aggrieved party in the administrative hearing file an action in district court within the limitations period. In Cory D., the challenge was filed almost 7 months after the administrative decision was issued, while in Derrick C., the challenge was filed 176 days after the administrative decision. 285 F.3d at 1297; 314 F.3d at 548. While Plaintiff's Motion to Amend was filed outside of the limitations period, its original pleading was filed within the limitations period, and therefore does not raise the same concerns presented in Cory D. or Derrick C.

## II. Defendants' Motion to Strike [12]

Defendants moved to strike Plaintiff's Motion to Amend due to its violation of Local Rule 7.1 and for its violation of Defendants' confidentiality and privacy rights. For the reasons set forth in Section I.C. above, Defendants Motion to Strike [12] is **DENIED**.

## III. Defendants' First Motion for Judgment on the Pleadings [38]

Defendants' First Motion for Judgment on the Pleadings [38] is "based on the failure of AISS to file its appeal as to the individual parents, Counterclaim Plaintiffs M.F. and C.F., prior to the ninety (90) day statute of limitations required pursuant to [IDEA]." (M.F. and C.F.'s Memorandum of

13

Law in Support of Motion for Judgment on the Pleadings, Dkt. No. [38-2] at 1). Because the Court has granted Plaintiff's Motion to Amend [10] adding as parties M.F. and C.F. in their individual capacities and permitted the amendment to relate back to the date of the original pleading, Defendants' First Motion for Judgment on the Pleadings [38] is **DENIED**.

## Conclusion

For the aforementioned reasons, Plaintiff's Motion to Amend [10] is **GRANTED**, Defendants' Motion to Strike [12] is **DENIED**, and Defendants' First Motion for Judgment on the Pleadings [38] is **DENIED**.

**SO ORDERED**, this  8th  day of March, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)